UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAXIMILIANO DOS SANTOS,

Petitioner,

v. Case No.: 2:26-cv-02563-SPC-NPM

DAVID HARDIN *et al*,

Respondents.
_________________________________/

**OPINION AND ORDER**

Before the Court are Maximiliano Dos Santos's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 7), and Dos Santos's reply (Doc. 8).

Dos Santos is a native of Brazil who lawfully entered the United States in March 2022 with a B-2 visa. He now lives in Florida with his wife and their 9-year-old son. In 2015, Dos Santos applied for asylum, withholding of removal, and relief under the Convention Against Torture. The application remains pending. Dos Santos has a social security number, a valid Florida driver's license, and work authorization through September 25, 2027. On August 20, 2026, Hillsborough County police arrested Dos Santos and charged him with failure to secure workers' compensation insurance, unlawful acts while in the capacity of a contractor, and practicing electrical contracting without a license. He has no prior criminal history. Dos Santos pleaded not

guilty to the charges, and the state judge presiding over the case released him on $1,000 bond. After Dos Santos posted bond, Hillsborough County transferred him to the custody of Immigration and Customs Enforcement (ICE).

Immigration Judge Frank Pimentel conducted a custody redetermination hearing on September 9, 2026. Dos Santos's immigration counsel submitted 378 pages of exhibits and identified a witness who could testify at the hearing. The hearing lasted minutes. Judge Pimentel did not hear testimony from Dos Santos's witness, nor did he reference or otherwise indicate he considered the evidence submitted by Dos Santos. The Department of Homeland Security (DHS) asked Pimentel to deny bond because Dos Santos's application for immigration relief is speculative, and because of the pending criminal charges. Neither DHS nor Judge Pimentel addressed the facts alleged by the charges or attempted to explain their relevance.[1] The resulting written order states:

> Flight risk and danger -- His hypothetical relief is a late-filed (for asylum purposes) Form I-589 alleging private harm to his wife, so the possibility of relief is remote. See Matter of A-L-S-, 29 I&N Dec. 794 (BIA 2026). As to danger, Respondent has very recent pending criminal charges alleging fraud (third degree felony) and electrical contracting licensing violations.

[1] For context, the criminal charges stem from a sting operation conducted by a Hillsborough County detective who contacted Dos Santos through Facebook Marketplace. Dos Santos indicated he could do a job that required insurance and licenses he does not have. For his part, Dos Santos claims it is common practice to hire appropriately licensed subcontractors when a job requires a license the contractor does not have.

(Doc. 1-2 at 2).

Dos Santos's habeas petition asserts four claims. The first three argue the September 9, 2026, bond hearing did not comport with due process requirements because Judge Pimentel did not consider the evidence before him and instead rubber-stamped DHS's request to deny bond. In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. The Court acknowledges the limits imposed by § 1226(e)—it cannot reweigh evidence or otherwise review Judge Pimentel's discretion. But Dos Santos also recognizes that limitation and makes it clear he is challenging the process undergirding his detention, not Judge Pimentel's discretion. The government's response contains no due process analysis and instead rests on the fact that a bond hearing was held.

Because Dos Santos's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533

U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, ignored an important aspect of the issue, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The evidence before the Court demonstrates that Judge Pimentel's bond denial parroted DHS's argument without considering the evidence submitted by Dos Santos or the facts alleged by the criminal charges. The government does not argue otherwise. An immigration court "denies due process to an alien when it acts as a mere rubber-stamp." *Abdulai*, 239 F.3d at 549-50 (internal quotation marks and citation omitted). That is what occurred here. As a result, Dos Santos's detention violates his right to due process.

Accordingly, it is hereby

**ORDERED**:

Maximiliano Dos Santos's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Dos Santos and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record